**SHELTER–LITE, INC.,**
**Plaintiff-Appellant,**

v.

**REEVES BROTHERS, INC.,**
**Defendant-Appellant.**

**No. 79–3445.**

United States Court of Appeals,
Sixth Circuit.

Argued April 25, 1979.

Decided Jan. 2, 1980.

---

Edward G. Greive, Hamilton, Renner & Kenner, Phillip Kenner, Akron, Ohio, for plaintiff-appellant.

Mark J. Skakun, Buckingham, Doolittle & Burroughs, Co., LPA, Akron, Ohio, S. Leslie Misrock, Brian Poissant, Pennie & Edmonds, New York City, for defendant-appellant.

Before EDWARDS, Chief Judge, and KEITH and BROWN, Circuit Judges.

## ORDER

Appellant, Shelter-Lite, Inc. (now known as Seaman Corporation) brought a patent infringement action against appellee, Reeves Brothers, Inc., in the Northern District of Ohio. Shelter-Lite alleged that Reeves Brothers, by the manufacture and sale of a cloth product, infringed its patent. The action was settled by the execution of nonexclusive licensing agreement under which Reeves Brothers was obligated to pay royalties to Shelter-Lite and the infringement action was by stipulation dismissed with prejudice.

Thereafter, Shelter-Lite, alleging that Reeves Brothers was not paying the royalties due under the licensing agreement, filed a motion under Rule 60(b)(6), Fed.R. Civ.P., to vacate the order of dismissal and to order specific performance of the license agreement. In support of the motion, Shelter-Lite recited, *inter alia*, that Reeves Brothers was taking the position that the cloth material it was then making was not covered by the patent and therefore no royalties were due under the license agreement. The district judge denied the motion to vacate the order of dismissal, stating that Shelter-Lite should assert its claim in an independent action, and Shelter-Lite appealed.

It is clear that a district court may, in the proper exercise of its discretion under Rule 60(b)(6), set aside a dismissal order and summarily enforce a license agreement that was executed in connection with the dismissal order. *See Aro Corporation v. Allied Witan Co.,* 531 F.2d 1368 (6th Cir. 1976), in which it appeared that there was no defense to the claim under the license agreement and that therefore summary enforcement was proper. Here, however, it appears that the contention of Reeves Brothers is that the new fabric that it is making is not covered by the patent and that therefore no royalty is due, and this contention of Reeves Brothers was before the district court at the time it denied the motion to vacate the dismissal. Thus it was apparent to the district court that, if it vacated the dismissal order and entertained the motion for enforcement of the license agreement, it would be trying a patent infringement case.* Therefore, we cannot say that the district court abused its discretion in denying the motion to vacate the dismissal order and in requiring Shelter-Lite to seek enforcement of the license agreement in an independent action.

The judgment of the district court is therefore

AFFIRMED.

---

* It appears from the briefs that Reeves Brothers will also contend that, since Shelter-Lite is alleging that its patent must be construed to cover the new fabric, so construed it is invalid in the light of the prior art.