**Nancy McKinnon HINSDALE, Plaintiff-Appellee,**

v.

**The FARMERS NATIONAL BANK & TRUST COMPANY, Defendant-Appellee,**

**Jane M. McKinnon, Defendant-Appellant.**

**No. 86–3836.**

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1987.

Decided July 22, 1987.

Rehearing and Rehearing En Banc Denied Sept. 3, 1987.

Marvin L. Karp (argued), Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for plaintiff-appellee Hinsdale.

S. Stuart Eilers (argued), Mark A. Gamin, Thompson, Hine & Flory, Cleveland, Ohio, for defendant-appellee Farmers Nat. Bank.

Carey S. Sheldon (argued), Sheldon and Andrews, Ashtabula, Ohio, for defendant-appellant McKinnon.

Before MARTIN, WELLFORD and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

Defendant-appellant Jane McKinnon appeals from the district court's order specifically enforcing a settlement agreement concluded prior to trial of plaintiff-appellee Nancy Hinsdale's diversity action against defendant McKinnon and defendant-appellee Farmers National Bank & Trust Company. Because the district court lacked subject matter jurisdiction, we vacate the judgment of the district court and dismiss the appeal.

## I.

On April 12, 1982, plaintiff Hinsdale filed a complaint alleging that defendant Farmers National Bank, the principal trustee of two trusts established by plaintiff Hinsdale's father and grandmother, had, in order to enable P.C. McKinnon, Jr., to repay certain loans, distributed approximately 95 percent of the income of the first trust to P.C. McKinnon, Jr., while distributing only 6 percent of the income to plaintiff Hinsdale. Further, plaintiff Hinsdale alleged that, for the same reason, defendant Farmers National Bank had distributed 48 percent of the income of the second trust to P.C. McKinnon, Jr., while distributing the balance to defendant McKinnon. Finally, plaintiff Hinsdale alleged that, for the same reason, defendant Farmers National Bank had converted substantial amounts of equity assets in the first trust to fixed income investments so that more income could be channeled to P.C. McKinnon, Jr.

The case was initially assigned to Judge Manos, but was later transferred to Judge Aldrich. In September 1984, Judge Aldrich asked Judge Manos to attempt to facilitate a settlement. Between September 26, 1984, and February 15, 1985, Judge Manos held four separate conferences with counsel for all parties in an effort to settle the pending lawsuit. On February 15, 1985, the parties themselves attended a settlement conference which resulted in the disputed settlement agreement. The parties signed a stipulation of dismissal with preju-

dice, even though the formal settlement documents had yet to be drafted and signed. Judge Aldrich then dismissed the case with prejudice by an order entered on February 25, 1985.

On January 30, 1986, defendant McKinnon's counsel sent Judge Manos a letter stating that defendant McKinnon would "not execute any proposed settlement or release document." Further, the letter urged that "the Court, on its own motion, vacate the order of dismissal and reinstate this matter on the docket of the appropriate United States District Judge." Finally, the letter explained that defendant McKinnon no longer felt obligated by the settlement agreement because modifications proposed by plaintiff Hinsdale "significantly changed the stipulated settlement," and because defendant McKinnon had not "achieved the personal objectives which she thought she had obtained from the settlement."

Plaintiff Hinsdale and defendant Farmers National Bank filed separate motions for specific enforcement of the settlement agreement. Defendant McKinnon opposed the motion for enforcement, contending that she did not agree to settle the case upon the terms urged by plaintiff Hinsdale and defendant Farmers National Bank. Judge Manos heard argument and received defendant McKinnon's affidavit and other materials but did not hold an evidentiary hearing. Relying in part upon his own recollection of the settlement agreement, Judge Manos ordered the parties to specifically perform the settlement agreement. Judge Manos denied defendant McKinnon's motions for a stay of execution and an evidentiary hearing, and the instant appeal ensued.

## II.

Before considering the merits of the present appeal, we must first determine whether we have jurisdiction over this matter. It is well settled that jurisdiction cannot be conferred upon the federal courts by consent. *See, e.g., Glasstech, Inc. v. AB Kyro OY,* 769 F.2d 1574, 1577 (Fed.Cir. 1985); *Othman v. Globe Indemnity Co.,* 759 F.2d 1458, 1460 n. 2 (9th Cir.1985). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area School District,* 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)); *see also Page v. Schweiker,* 786 F.2d 150, 153 (3d Cir.1986); *Othman,* 759 F.2d at 1460 n. 2. "[A]n appellate court has no jurisdiction to decide the merits of the case if the court from which the appeal was taken was without jurisdiction." *Glasstech,* 769 F.2d at 1577; *see also Bender,* 106 S.Ct. at 1331; *Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 342–43 (5th Cir.1986); *Page,* 786 F.2d at 153; *LaFortune v. Naval Weapons Center Federal Credit Union,* 652 F.2d 842, 844 (9th Cir.1981); *A.L. Rowan & Son, General Contractors, Inc. v. Department of Housing and Urban Development,* 611 F.2d 997, 999 (5th Cir.1980).

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties and their counsel executed a stipulation for dismissal with prejudice, which made reference to, but was not conditioned upon, performance of the settlement agreement. The district court then unconditionally dismissed the action with prejudice and did not attempt to retain jurisdiction to enforce the settlement agreement.[1] This unconditional dismissal with prejudice terminated the district court's "jurisdiction except for the limited purpose of reopening

---

1. Where a district court dismisses a lawsuit pursuant to Rule 41(a)(2), the district court may condition dismissal upon performance of and retain jurisdiction to enforce terms of a settlement agreement. *McCall-Bey v. Franzen,* 777 F.2d 1178, 1188 (7th Cir.1985); *see also* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2366, at 176 (1971) (district court has authority to impose terms and conditions upon dismis-

sal where dismissal is by motion under Rule 41(a)(2)). However, where a lawsuit is dismissed by stipulation pursuant to Rule 41(a)(1)(ii), the district court may not condition dismissal upon performance of or retain jurisdiction to enforce terms of a settlement agreement. *McCall-Bey,* 777 F.2d at 1185; *see also* 9 C. Wright & A. Miller, *supra,* § 2366, at 176 (district court is without authority to impose

and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)" of the Federal Rules of Civil Procedure. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir.1985). Thus, the parties were in a position to seek enforcement of the settlement agreement only by means of an independent action for specific performance or by means of a Rule 60(b) motion *to vacate the prior order of dismissal* for the purpose of enforcing the agreement. *See Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371–72 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *Shelter-Lite, Inc. v. Reeves Brothers, Inc.*, 611 F.2d 1179, 1180 (6th Cir.1980) (per curiam); *see also Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir.1986); *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir.1982).

Rather than filing an action for specific performance or a Rule 60(b) motion, plaintiff Hinsdale and defendant Farmers National Bank filed motions asking the district court to specifically enforce the settlement agreement. The movants urged that, pursuant to this court's decision in *Aro Corp.*, the district court had the inherent jurisdiction to enforce the settlement agreement. We held in *Aro Corp.* that, upon breach of a settlement agreement which terminated the litigation pending before it, a district court may *vacate* the prior order of dismissal *pursuant to Rule 60(b)*. 531 F.2d at 1371. We further held that once the proceedings are reopened, the district court has inherent jurisdiction[2] to enforce the settlement agreement. *Id.* We did not, however, hold that a district court has jurisdiction to enforce a settlement

agreement *without having vacated the prior unconditional order of dismissal with prejudice* and without having reopened the proceedings. *See Shelter-Lite*, 611 F.2d at 1180 (*Aro Corp.* permits district court to *set aside dismissal order* pursuant to Rule 60(b)(6) and enforce settlement agreement executed in connection with the dismissal). Because the prior unconditional dismissal was not vacated nor the proceedings reopened,[3] the district court was without jurisdiction to enforce the settlement agreement.

### III.

Accordingly, the present appeal is DISMISSED and the judgment of the district court is VACATED.

---

terms and conditions upon dismissal where dismissal is by stipulation under Rule 41(a)(1)(ii)).

2. Other courts have reasoned that a district court does not have jurisdiction to enforce a settlement that terminates the litigation pending before it "unless the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." *Fairfax Countywide Citizens Association v. Fairfax County*, 571 F.2d 1299, 1303 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *see also McCall-Bey*, 777 F.2d at 1186–87; *Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir.1985).

3. Relying upon *Lasky v. Continental Products Corp.*, 804 F.2d 250 (3d Cir.1986), plaintiff argues that this court should treat its motion to specifically enforce the settlement agreement as a Rule 60(b)(6) motion. Unlike plaintiff's motion, the motion in *Lasky*, which was styled "Motion For Order Allocating Settlement Proceeds Among Plaintiffs," specifically requested relief under Rule 60(b). Even if we were to treat plaintiff's motion as a Rule 60(b)(6) motion, we cannot engage in the fiction that the district court's order enforcing the settlement agreement vacated the prior dismissal and reopened the proceedings.