841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean E. TWAROZYNSKI, Plaintiff-Appellee, Cross-Appellant (87-1334),
v.
MEIJER, INC., Defendant-Appellant, Cross-Appellee (87-1333),
United Food and Commercial Workers International Union,
AFL-CIO, CLC, Local 951, Defendant-Appellant (87-1318).
 Nos. 87-1318, 87-1333 and 87-1334.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and SPIEGEL, District Judge*.
 PER CURIAM.
 
 
 1
 This case presents two issues: (1) whether the district court erred in denying plaintiff's motion to remand pendent state claims three months after the court had entered a final judgment dismissing the claims without prejudice, and (2) whether the district court abused its discretion in denying defendants' and plaintiff's motions for Rule 11 sanctions. Finding that the district court acted within its authority on both matters, we shall affirm the judgment of the district court.
 
 
 2
 * The defendant employer, Meijer, Inc., fired plaintiff Jean E. Twarozynski because she was supposed to have stolen an 89-cent tube of chapstick. Claiming that she had purchased the chapstick at another store, plaintiff had the defendant union file a grievance for her. After pursuing the claim unsuccessfully through the second step of the grievance process, the union claims to have notified plaintiff that it would no longer prosecute the grievance. Plaintiff denies ever receiving such a notification. Bolstering her disclaimer is the fact that the union has not been able to produce a copy of any document informing plaintiff that the union was terminating its efforts on her behalf.
 
 
 3
 Approximately nine months after abandonment of the grievance and more than six months after plaintiff lost her ability to appeal the final decision, plaintiff sued the union and her employer in state court. The complaint set forth: (1) a hybrid breach of contract and Sec. 301 Labor Management Relations Act breach of duty of fair representation claim; (2) state law libel and slander claims; and (3) a state law claim for intentional infliction of emotional distress and "outrage." Lending support to the allegations of the complaint was the decision of an unemployment insurance benefits administrative tribunal that Ms. Twarozynski's dismissal had not been the result of misconduct on her part.
 
 
 4
 The action was removed to federal court, and on October 24, 1986, the court entered a final judgment dismissing the hybrid Sec. 301 claim with prejudice and dismissing the pendent state-law claims without prejudice. (Under the rule observed in this circuit, the district court would have had discretion to remand the pendent state-law claims to the state court. In re Romulus Community Schools, 729 F.2d 431 (6th Cir.1984). That rule has now been approved by the Supreme Court. Carnegie-Melon University v. Cohill, 98 L.Ed.2d 720 (1988).)
 
 
 5
 Approximately three weeks after the dismissal, plaintiff attempted to file an amended complaint in the original state court action. She believed that a new action would be time-barred and that the district court's dismissal of the state claims without prejudice signaled a remand order. The state court, however, held that unless the removed action were remanded by the federal court, there would be no pending state court case in which an amended complaint could be filed. The state court also denied a motion in which the defendants sought sanctions.
 
 
 6
 During the pendency of the state court proceedings, the two defendants also filed Rule 11 motions in the federal court. Plaintiff then moved in federal court for a remand of the already-dismissed state-law claims. Arguing that the defendants' motions for Rule 11 sanctions were frivolous, plaintiff also filed a cross-motion for sanctions. The district court denied all of these motions, and all parties have appealed to this court.
 
 II
 
 7
 Although the district court did not explicitly reject plaintiff's remand motion on jurisdictional grounds, the following interchange with plaintiff's counsel suggests that lack of jurisdiction was a factor in the judge's decision to disallow the motion:
 
 
 8
 "THE COURT: Well, I think there was--it was a judgment of dismissal without prejudice, not a judgment on the merits of the case.
 
 
 9
 But it is a judgment that you are no longer in this Court on the issue.
 
 
 10
 To the extent that you could appeal that to the Circuit Court--to the Court of Appeals, it is a final judgment.
 
 
 11
 But be that as it may--so then you started--you tried to resurrect the action in two places. Here, by a motion to remand, and in State Court by filing a pleading in a non-existent case?
 
 
 12
 MR. SEMAN: Yes, that's correct. They claimed that the Court didn't have jurisdiction over that case because Your Honor had jurisdiction.
 
 
 13
 And that's why we are here today. The Court at that time said--stated that I could refile my motion to amend upon order of remand from this Court.
 
 
 14
 The problem, frankly, we have on behalf of the Plaintiff is that the claim of libel and slander was filed the last day of the statute. And the only way to keep this matter--
 
 
 15
 THE COURT: You know, all you had to do was tell me that and ask me to wait a few days before I entered the judgment of dismissal so you could start the State case in State Court.
 
 
 16
 You could have the case going on in both Courts at the same time. That's all you had to do.
 
 
 17
 Our purpose in dismissing State cases was not to kill you on the statute of limitations. The Michigan law even holds the statute of limitations while you are here.
 
 
 18
 You can even file it in the morning before you come into Court, or ask the Court to hold up for two or three days.
 
 
 19
 But it didn't happen, did it?"
 
 
 20
 A district court has no power to alter the terms of a final judgment unless it vacates the prior order pursuant to Rule 60(b) and reopens the proceedings. Hinsdale v. Farmers National Bank & Trust Company, 823 F.2d 993 (6th Cir.1987). Plaintiff has cited Coletti v. Ovaltine Food Products, 274 F.Supp. 719 (D.P.R.1967), for the proposition that there is no time limit on the filing of a remand motion; the holding of that case, however, involves remand motions filed before the entry of a final judgment.
 
 
 21
 Although plaintiff did not allude to Rule 60(b)(1) in her remand motion, the courts could, in the exercise of their discretion, construe the motion as a request for relief from a final judgment due to excusable neglect. Cf. Hinsdale, supra, 823 F.2d at 996 n. 3. That would not help plaintiff, however, because ignorance of the law is usually not sufficient for a reprieve under Rule 60(b)(1). 11 Wright & Miller, Federal Practice and Procedure, Sec. 2858 p. 170; Otoe County National Bank v. W & P Trucking, Inc., 754 F.2d 881, 884 (10th Cir.1985).
 
 
 22
 Plaintiff seems to have been laboring under two misapprehensions of law: (1) that the Michigan statute of limitations continued to run while her case was in federal court, and (2) that a dismissal without prejudice signaled a remand of her state claims. That is why she did not file a new action in state court. As the district court noted in denying plaintiff's belated remand motion, plaintiff could have filed a new action in state court upon entry of the district court's dismissal order. Under Michigan law, the running of the statute of limitations on the state claims was tolled during the pendency of the federal action, and a new action filed in state court immediately after the dismissal would not have been time-barred. (Defendants contend that plaintiff actually had two weeks or so in which to commence a state action; under any view of things, she at least had one day.) Under the circumstances presented here, we cannot say that the district court erred in refusing to remand the already dismissed action.
 
 III
 
 23
 In denying defendants' motions for sanctions, the district court observed:
 
 
 24
 "I think this whole thing is a little bit ridiculous, to start with.
 
 
 25
 * * *
 
 
 26
 * * *
 
 
 27
 ... I don't think the circumstances of this case and the way for bringing it or defending the rule for bringing it or defending the motions for summary judgment again merit Rule 11 sanctions.
 
 
 28
 Gentlemen, we can get so tough with Rule 11 sanctions that you are all afraid to start a lawsuit. That isn't the idea of Rule 11 sanctions.
 
 
 29
 It's not to prevent people from bringing legitimate claims before the Court.
 
 
 30
 It's to prevent an abuse.
 
 
 31
 Now, where we draw that line has to be--is going to be determined over a long period of time. But as far as I'm concerned, the actual bringing of the Defendant of this lawsuit in the first place falls on the safe side of the line."
 
 The district court further commented:
 
 32
 "I deny the motion for Rule 11 sanctions all the way. And frankly, I don't think your Rule 11 sanction motion is very timely here.
 
 
 33
 It sounds to me almost like you are trying to punish him for something he did in State Court. But be that as it may, all Rule 11 sanction motions are denied."
 
 
 34
 As with the motion to remand, the jurisdictional basis for post-judgment Rule 11 motions has to be the initial inquiry. After entry of final judgment a district court does not lose jurisdiction to assess attorney fees, costs, and sanctions until passage of a reasonable period of time or until the expiration of any period prescribed by local court rule. In re Rubin, 825 F.2d 977, 981-3 (6th Cir.1987); White v. New Hampshire Department of Employment Security, 455 U.S. 445, 454 n. 16 (1982). The Eastern District of Michigan has adopted Local Rule 17(n), which states:
 
 
 35
 "Except as otherwise provided by statute or by order of the Court, an application for attorney fees by a prevailing party together with a supporting memorandum shall be filed within 30 days after the entry of judgment. Failure to file the application within the time specified shall be considered a waiver of the right to attorney fees."
 
 
 36
 The defendants argue that their request was not foreclosed by the local rule because its reference to post-judgment motions by "prevailing" parties implies that the rule was not intended to govern Rule 11 motions, which can be filed by a nonprevailing party prior to the entry of final judgment. A fair reading of the language of the rule, however, suggests that all applications for attorney fees are covered.
 
 
 37
 Motions for the imposition of sanctions other than attorney fees do seem to be outside the rule, but assuming defendants' motion for non-fee sanctions came within a "reasonable" time, we do not believe the district court abused its discretion in denying the motion. Defendants contend that plaintiff's Sec. 301 hybrid claim was clearly barred by the statute of limitations in light of Shapiro v. Cook United, Inc., 762 F.2d 49 (6th Cir.1985). That case, however, was based in part on the plaintiff's failure to show "that the defendants fraudulently concealed any facts respecting the accrual or merits of his claims." 762 F.2d at 49. In the case at bar plaintiff's allegation that the union officials failed to notify her of the result of the second step of arbitration, after repeatedly telling her that she would be notified, arguably makes Shapiro distinguishable.
 
 
 38
 The defendants further argue that even if it were reasonable to think that the Sec. 301 claim was not time-barred, there was no factual basis for that claim. Defendants point to Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335 (6th Cir.1975), cert. denied 425 U.S. 981 (1976), where this court stated that a Sec. 301 claim required "an affirmative showing by plaintiff that the union's action or inaction was motivated by bad faith." But there the district judge (Judge Contie, now a member of this court) had decided that a union's failure to reply to the plaintiff's letters and to inform him of the status of his grievance could support an inference by the jury that the union had acted in an arbitrary manner. 521 F.2d at 1341. Although Judge Contie's ruling was reversed by this court, his decision suggests that in a different factual environment a similar argument might not be unreasonable.
 
 
 39
 Moreover, as the district court pointed out, plaintiffs in unfair representation cases against unions often have to proceed without a full knowledge of the facts:
 
 
 40
 "how can you really find out what happened inside a union when the union who represented you and sometimes they are no longer representing you, and doesn't even tell you what happened. And then all of a sudden, turning you off? How else can you find out whether you were fairly represented without bringing a lawsuit?"
 
 
 41
 As to the state defamation claims, defendants cite a Michigan Court of Appeals case and a concurring opinion in a Michigan Supreme Court case to show that those claims were unsustainable because plaintiff could not establish the necessary element of an unprivileged publication to a third party. Plaintiff, however, interprets her deposition testimony as showing that various colleagues had told her that they had heard from their employer, the defendant, that she was a thief. This suffices to defeat the Rule 11 motion.
 
 
 42
 Finally, defendants invite us to hold that "if an attorney wants to advance an argument which is not 'warranted by existing law,' the attorney must so specify or there must be some objective indication of that intent." We decline the invitation; nothing in Rule 11 imposes such a requirement, and we see no reason for making the rule any more susceptible to abuse than it is now.
 
 IV
 
 43
 Although the district court did make an offhand remark to defendants' attorneys that "it sounds to me almost like you are trying to punish him for something he did in State Court," the district court nevertheless declined to rule that defendants' Rule 11 motions were made in bad faith. That decision is not clearly erroneous; we believe that the defendants' position, like the plaintiff's, was warranted by a good faith argument for the modification of existing law.
 
 
 44
 The judgment of the district court is in all respects AFFIRMED. Judge Spiegel believes that plaintiff's motion to remand ought to have been treated as a Rule 60(b) motion and that the district court could not, in the exercise of sound discretion, deny such a motion on the facts presented here; Judge Spiegel therefore dissents from Part II of this opinion.
 
 
 
 *
 The Honorable Arthur S. Spiegel, District Judge, United States District Court for the Southern District of Ohio, sitting by designation