**ANDY ESTATES DEVELOPMENT CORPORATION, Appellant,**

v.

**BRIDAL et al., Appellees.**

[Cite as *Andy Estates Dev. Corp. v. Bridal* (1991), 68 Ohio App.3d 455.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–274.

Decided Sept. 12, 1991.

*Arthur G. Wesner,* for appellant.

*Gilbert L. Krone,* for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Andy Estates Development Corp., appeals from a judgment of the Franklin County Court of Common Pleas denying plaintiff's motion for relief from judgment pursuant to Civ.R. 60(B).

On May 12, 1989, plaintiff filed the complaint herein against defendants-appellees, Bello Stefano Bridal and Gloria Goodman, asserting that defendants owed plaintiff $10,201.75 under a vehicle lease agreement. On August 27, 1990, plaintiff voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41(A)(1).

Thereafter, plaintiff apparently attempted to refile the action in the Franklin County Municipal Court. Defendants responded that, in addition to the dismissal herein, plaintiff had previously dismissed an action against defendants in the Franklin County Municipal Court; and that, according to Civ.R. 41(A)(1), plaintiff was precluded from refiling its case.

In an attempt to circumvent the bar to further prosecution imposed by Civ.R. 41(A)(1) as a result of plaintiff's asserted prior voluntary dismissals against defendants, plaintiff moved pursuant to Civ.R. 60(B) to vacate the voluntary dismissal entered in the present case. Finding that it lacked jurisdiction to consider plaintiff's motion, the trial court also determined that, even if it reached the merits of plaintiff's Civ.R. 60(B) motion, the motion was not well taken on the facts submitted. Plaintiff appeals therefrom, assigning two errors:

"1. The Trial Court erred in holding that it had no jurisdiction to consider a 60(B) motion filed by a party, where previous to the motion, the plaintiff had filed a voluntary dismissal without prejudice, pursuant to Civil Rule 41(a)(1).

"2. The Trial Court erred and abused its discretion in overruling the plaintiff's motion to vacate its own dismissal entry, where, it is undisputed, that said dismissal entry was signed by plaintiff's counsel without having been informed by an associate, that the plaintiff-appellant's assignor had

previously dismissed the same claim against the defendants-appellees pursuant to Rule 41(a)(1)."

■ In its first assignment of error, plaintiff contends that the trial court erred in holding that it lacked jurisdiction to determine plaintiff's Civ.R. 60(B) motion on the merits. In response, defendants assert not only that the trial court lacked jurisdiction to consider plaintiff's motion, but also that a voluntary notice of dismissal under Civ.R. 41(A)(1) is not a final judgment subject to being vacated under Civ.R. 60(B).

Initially, we disagree with defendants' contentions that the trial court lacked jurisdiction to consider plaintiff's Civ.R. 60(B) motion. While defendants cite some older authority to support their contentions, more recent case law suggests that the trial court had jurisdiction over plaintiff's motion. Specifically, in *Hinsdale v. Farmers Natl. Bank & Trust Co.* (C.A.6, 1987), 823 F.2d 993, the Sixth Circuit Court of Appeals found that the parties' unconditional dismissal with prejudice therein terminated the trial court's jurisdiction except " * * * for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b). * * * " *Id.* at 995, 996. We recognize that the dismissal in *Hinsdale* was under Fed.R.Civ.P. 41(a)(1)(ii), the parties therein agreeing to unconditionally dismiss that action with prejudice; however, the effect of their dismissal was the same as a party twice dismissing under Civ.R. 41(A)(1), as defendants assert plaintiff did herein.

More recently, the United States Supreme Court held that a voluntary dismissal under Fed.R.Civ.P. 41(a)(1) did not divest the trial court of jurisdiction to consider sanctions under Fed.R.Civ.P. 11. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359. While we note that the court's actual reasons for finding jurisdiction in the context of a Fed.R.Civ.P. 11 motion differ from those applicable herein, the analysis in *Cooter & Gell* supports jurisdiction in the trial court to determine plaintiff's motion.

■ Defendants assert, however, that even if the trial court had the necessary jurisdiction, plaintiff's voluntary dismissal under Civ.R. 41(A)(1) is not a final judgment subject to a Civ.R. 60(B) motion.

Civ.R. 60(B) states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment,* order or proceeding * * *." (Emphasis added.)

In interpreting that language in the context of Civ.R. 41(A)(1)(a), the Supreme Court stated in the syllabus of *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352:

"Unless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B)."

Pursuant to Civ.R. 41(A)(1), " * * * a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." Hence, plaintiff's alleged second voluntary dismissal under Civ.R. 41(A)(1) operates as an adjudication on the merits; and under the syllabus of *Hensley,* it is a final judgment subject to Civ.R. 60(B).

Plaintiff's first assignment of error is sustained.

■ In its second assignment of error, plaintiff contends that the trial court erred in overruling the merits of its Civ.R. 60(B) motion, as plaintiff asserts that the affidavit in support of its motion clearly indicates that counsel for plaintiff mistakenly filed the second dismissal under Civ.R. 41(A)(1).

In support of its motion to vacate, plaintiff supplied the affidavit of previous counsel for plaintiff. In his affidavit, counsel stated that at the time he dismissed this action, the case was being managed by an associate in his firm who had responsibility for the case. At his associate's request, he accompanied him to the trial of the matter scheduled for April 22, 1990, when it became apparent that some confusion existed in plaintiff's records, especially with regard to the assignment of the lease from plaintiff's assignor, Immke Circle Leasing, Inc. The trial court granted plaintiff leave to amend the complaint, and the case was rescheduled for trial on December 11, 1990. Thereafter, plaintiff contacted counsel, advising that it wished to change attorneys, and that the action might be better handled in the municipal court. With that, counsel filed the dismissal entry subject of plaintiff's Civ.R. 60(B) motion. Counsel indicated that when he filed that dismissal entry, he was unaware of the previously filed notice of dismissal, as the case at that time was being handled by an attorney who subsequently left his firm. Finally, counsel noted that the plaintiff in the previous municipal court action was Immke Circle Leasing, Inc., not the plaintiff in the present action; and that the plaintiffs are separate parties and entities owned by totally different shareholders with no affiliated ownership.

Even accepting those facts as true, the trial court found plaintiff's motion to be without merit. While we understand the discretion vested in the trial court in ruling on Civ.R. 60(B) motions, the affidavit arguably supports grounds for

relief from judgment under Civ.R. 60(B)(1), as the affidavit suggests that plaintiff's counsel dismissed this action by mistake due to (1) lack of information arising from the departure of one of its associates, and (2) the discrepancy created by the change in plaintiffs arising from Immke Circle Leasing, Inc.'s assignment of its rights to plaintiff herein.

Given that plaintiff's affidavit arguably supports relief under Civ.R. 60(B)(1), the trial court under *Matson v. Marks* (1972), 32 Ohio App.2d 319, 61 O.O.2d 476, 291 N.E.2d 491, should conduct an evidentiary hearing to determine the facts relating to plaintiff's request for relief from judgment. Specifically, given the difference in named plaintiffs in the municipal court action and the present action, as well as the absence in the record of a copy of the dismissed complaint from the first municipal court case, the trial court first must determine whether plaintiff's voluntary dismissal herein actually was a second dismissal of "an action based on or including the same claims" asserted in the first filing. Further, the factors cited in the affidavit may or may not support relief under Civ.R. 60(B) depending on what the evidentiary hearing reveals that counsel signing the dismissal entries was aware of with respect to those factors, including the change in party plaintiffs.

In short, since the affidavit arguably supports relief, before it may deny plaintiff's motion, the trial court should hold an evidentiary hearing to determine whether the facts actually warrant relief under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect."

To the extent set forth above, then, we sustain plaintiff's second assignment of error. Having sustained both assignments of error, we reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and PETREE, JJ., concur.