JOURNAL ENTRY and OPINION
{¶ 1} This consolidated appeal stems from the arrest of appellant, Clarence Harris ("Harris") on November 10, 1999. On that day, Harris was arrested and charged with theft; however, those charges were later dismissed by the state. Almost one year later, on November 7, 2000, Harris filed the first lawsuit ("First Action") in the court of common pleas against appellees, Max O'Brien, Finch Group, and Signature Housing Solutions (collectively referred to as "appellees"), among others, seeking damages arising from the arrest. On August 20, 2001, Harris, pursuant to Civ.R. 41(A), voluntarily dismissed the First Action.
 {¶ 2} On January 17, 2002, Harris refiled his complaint ("Second Action"), again seeking damages arising from his arrest. In addition to his claims, Harris alleged a federal cause of action. Because of the asserted federal claim, the Second Action, in its entirety, was removed to federal court on March 11, 2002. However, the federal court declined to exercise supplemental jurisdiction on Harris' alleged state law claims and entered an order on February 13, 2004 dismissing Harris' state law claims without prejudice.
 {¶ 3} On August 13, 2004, Harris filed a motion to reinstate his state law claims in the court of common pleas. Although the trial court originally granted Harris' motion to reinstate, it later vacated that order, realizing that it was without jurisdiction to reinstate the Second Action because it was removed to federal court and later dismissed. On November 5, 2004, Harris filed his complaint ("Third Action.") {¶ 4}
Appellees moved the trial court for judgment on the pleadings or, in the alternative, summary judgment, arguing that Harris' claims were barred by the one-year statute of limitations. The trial court granted appellees' motion for judgment on the pleadings and Harris appeals that ruling.
 {¶ 5} Harris moved also the trial court, pursuant to Civ.R. 60(B), for relief from judgment. The trial court denied his motion and Harris also appeals that ruling. This court consolidated the two appeals.
 I. {¶ 6} Harris first argues that the trial court erred by granting appellees' motion for judgment on the pleadings because his claims were time barred. In particular, Harris asserts that his claims survive because the Ohio savings statute allowed him an additional year to refile his state law claims after the federal court dismissed them without prejudice. However, Harris' assertion is without merit.
 {¶ 7} Section 1367, Title 28, U.S. Code, provides in pertinent part:
 {¶ 8} "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
 {¶ 9} "* * *
 {¶ 10} "(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."
 {¶ 11} When the federal court dismissed Harris' state law claims without prejudice on February 13, 2004, the statute of limitations for those claims were tolled an additional 30 days. In other words, pursuant to federal law, Harris had until March 14, 2004 to refile his claims, unless Ohio law tolled the statute of limitations longer.
 {¶ 12} Harris claims that he had an additional one year, pursuant to the Ohio savings statute, within which to refile his state law claims in the court of common pleas. R.C. 2305.19(A) provides as follows:
 {¶ 13} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 14} All of Harris' state law claims, with the exception of Harris' alleged "abuse of process" claim, are subject to a one-year statute of limitations. R.C. 2305.11(A). The claims accrued on November 10, 1999, which is the date that Harris was arrested. It is clear from Harris' three complaints that the statute of limitations for these claims expired on November 10, 2000. Harris' First Action was filed timely on November 7, 2000 and then voluntarily dismissed on August 20, 2001. Utilizing the Ohio's savings statute, Harris timely refiled his Second Action on January 17, 2002.
 {¶ 15} However, the Second Action was later removed to federal court and the state law claims that are the subject of Harris' Third Action was dismissed without prejudice by the federal court on February 13, 2004. That dismissal was the second dismissal without prejudice of Harris' claims. At that point, Harris was precluded from utilizing the Ohio saving's statute to refile a Third Action, as R.C. 2305.19(A) may only be used once to refile a case and only once to extend the statute of limitations. Thomas v. Freeman, 79 Ohio St.3d 221, 227,1997-Ohio-395, 680 N.E.2d 997 ("the savings statute can be used only once to refile a case"); Iglodi v. Montz (Aug. 31, 1995), Cuyahoga App. No. 68621 (the "savings statute cannot be used more than once, even when the prior cases were involuntarily dismissed without prejudice"); Seawright v. Zabell (Apr. 27, 1989), Cuyahoga App. No. 55232 ("the statute of limitations, by virtue of R.C. 2305.19, may only be extended for one year after the initially filed action fails otherwise than upon the merits.") The statute of limitations on all of Harris' claims, except for the alleged abuse of process claim, had expired on November 10, 2000 — almost four years prior to the date Harris filed his Third Action. Thus, Harris' Third Action was not saved by the savings statute.
 {¶ 16} Likewise, pursuant to Section 1367(d), Title 28, U.S. Code, Harris did not timely refile his Third Action within 30 days of the federal court's dismissal without prejudice of his state law claims. Because he waited until almost six months to reinstate his claims, Harris' Third Action was also barred pursuant to federal law. Harris had no state or federal statute that enabled him to refile a Third Action; thus, the trial court did not err in granting appellees' motion for judgment on the pleadings.
 II. {¶ 17} For his second assignment of error, Harris argues that the trial court erred in granting appellees' motion for judgment on the pleadings because his abuse of process claim was adequately pled. In support, Harris maintains that his abuse of process claim survives the statute of limitations argument raised by appellees because it is subject to a four-year statute of limitations and not a one-year statute of limitations. He also argues that Ohio is a notice pleading state and that specific, particular facts need not be pled when alleging an abuse of process claim. However, Harris' argument is without merit.
 {¶ 18} Although an abuse of process claim is subject to a four-year statute of limitations pursuant to R.C. 2305.09, to successfully plead an abuse of process claim, the Supreme Court of Ohio held in Yaklevich v. Kemp, Schaeffer Rowe Co.,L.P.A., 68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115, at paragraph one of the syllabus, as follows:
 {¶ 19} "The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."
 {¶ 20} Even reviewing each of Harris' three complaints in the light most favorable to him, he failed to properly plead an abuse of process claim. For instance, in the First Action, Harris alleges as follows: "On November 10, 1999, without any warrant or legal process, and without any legal right, [appellees] wrongfully, unlawfully and maliciously caused to have [Harris] arrested * * *." He further alleges that appellees "knew or should have known that [Harris] did not steal or convert any property of [appellees], that further [one of the appellees], acted with malice and without probable cause." Absent from Harris' First Action is any allegation that legal proceedings were set in proper form and with probable cause, as required for an abuse of process claim. Indeed, it appears from the complaint that Harris alleged that he was wrongfully arrested and charged without probable cause.
 {¶ 21} In Harris' Second Action, he similarly alleged that he was arrested and charged "without any warrant or legal process, and without any legal rights." There is no allegation that his arrest was properly instituted or supported by probable cause. Although Harris labels count one of his Third Action as "Abuse of Process/Malicious Prosecution," he similarly alleges that appellees wrongfully arrested him, "without probable cause," and the arrest was on "fabricated charges." Just like he failed to do in the prior two actions, Harris did not allege that he was properly arrested with probable cause. This is fatal to Harris' abuse of process claim and, thus, the trial court properly granted appellees' motion for judgment on the pleadings on that claim. Harris' second assignment of error is overruled.
 III. {¶ 22} Turning to the trial court's denial of his motion for relief from judgment, Harris raises two assignments of error. First, he asserts that the trial court erred in denying his motion for relief from judgment and, second, he asserts that his motion should have been granted based on the equitable doctrines of estoppel, tolling, and good faith assurances. Harris' assertions lack merit.
 {¶ 23} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate as follows:
 {¶ 24} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Indus. (1976),47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
 {¶ 25} Harris cannot satisfy the first prong of the three-part test because he has failed to assert a meritorious basis for why the statute of limitations should not apply. Although he tries to show, through his attorney's affidavit, that missing the statute of limitations on Harris' claims was excusable neglect because it was not done intentionally, this is not the type of mistake to which Civ.R. 60(B)(1) refers. The statute of limitations would be meaningless if attorneys could claim mistake for missing clear deadlines. Moreover, in this case, had Harris filed his Third Action within the 30-day window granted by federal law, he would have avoided the statute of limitations defense entirely. Harris, however, makes no mention of why he ignored the federal court's recommendation to file his Third Action in haste. Because Harris did not provide the trial court with a meritorious basis for relieving him from judgment, it did not abuse its discretion in denying his motion for relief.
 {¶ 26} Nor does Harris present grounds for equitable relief. There was no representation by the appellees or the federal court that led him to believe that he need not file his Third Action within the time period required by law. Indeed, the federal court specifically indicated that Harris had 30 days from the date of the order to refile his state law claims. He chose not to file within that 30-day window. Because Harris presented no equitable grounds for relief, the trial court did not abuse its discretion in denying his motion for relief from judgment. Harris' third and fourth assignments of error are overruled and the trial court's decisions are affirmed.
Judgments affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Patricia Ann blackmon, J., concur.