[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Trial Court No. CI 05-3000.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion for relief from judgment pursuant to Civ.R. 60(B)(1) subsequent to appellee's second voluntary dismissal pursuant to Civ.R. *Page 2 
41(A)(1)(a). For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 2} Appellant, Laidlaw Transportation Inc. ("Laidlaw"), sets forth the following single assignment of error:
 {¶ 3} "The court erred in granting Plaintiff-Appellee's motion for relief from judgment pursuant to Civ.R. 60(B)(1)."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. Appellee filed a workers' compensation injury claim with the Ohio Industrial Commission. The claim was allowed for several conditions. Appellant appealed the order with respect to one of the conditions.
 {¶ 5} Appellee later filed a petition pursuant to R.C. 4123.512(D). On May 12, 2004, by and through her counsel, appellee dismissed her petition pursuant to Civ.R. 41(A)(1)(a). On May 5, 2005, appellee refiled her petition within the statutorily mandated one-year timeframe set forth in R.C. 2305.19.
 {¶ 6} On March 20, 2006, appellee filed a second voluntary dismissal of her petition pursuant to Civ.R. 41(A)(1)(a) by and through the same counsel who previously filed her first voluntary dismissal. The second voluntary dismissal operated as an adjudication on the merits pursuant to Civ.R. 41(A)(1)(a).
 {¶ 7} On August 23, 2006, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). In support of her motion, appellee relied on the lack of any intent to have the matter adjudicated through a second voluntary dismissal filing. *Page 3 
Appellee's counsel filed an affidavit in support stating that the second dismissal was "in error" and that she [appellee's counsel] "was unaware at the time that a previous dismissal had been filed." This contention is not persuasive given that this same counsel filed both voluntary dismissal motions for the same client. Appellee's motion furnished no other explanation or basis as to why the mistake occurred so that the reasonableness of the error could be assessed.
 {¶ 8} On August 30, 2006, appellant filed its opposition to appellee's Civ.R. 60(B)(1) motion for relief from judgment. In support of its opposition, appellant asserted that the motion should be denied as the purpose of Civ.R. 60(B)(1) is to accommodate unexpected or unavoidable circumstances rather than operate to excuse simple carelessness or inattention to a matter.
 {¶ 9} An evidentiary hearing on the motion for relief from judgment was scheduled for February 9, 2007. The parties waived their right to the hearing and submitted on the pleadings. On August 31, 2007, the trial court granted appellee's Civ.R.60 (B)(1) motion for relief from judgment. Without articulating an underlying basis or rationale the court held that, "Smith has satisfied the required elements of Civ.R. 60 (B)." Timely notice of appeal was filed.
 {¶ 10} In its sole assignment of error, appellant asserts that the trial court erred and abused its discretion in granting appellee's Civ.R. 60(B)(1) motion for relief from judgment. In support, appellant argues that the role and purpose of Civ.R. 60(B)(1) is to *Page 4 
accommodate and provide relief for unique, unexpected, and unavoidable circumstances rather than provide relief in cases of mere oversight or inattention to a matter.
 {¶ 11} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must establish the following: (1) the party has a meritorious defense for claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.(B)(1) through (5); and (3) the motion is made within a reasonable time, and, or the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment order or proceeding was entered or taken. GTE Automatic Elec. V. ARC Indus. (1976),47 Ohio St.2d 146, 150-151.
 {¶ 12} Appellate courts have consistently held that an act or omission does not automatically constitute a "mistake" within the legal context established by Civ.R. 60(B) simply by virtue of the fact that it was done without intent of the legal consequences. Harris v. O'Brien, 8th Dist. No. 86218 86323, 2006-Ohio-109.
 {¶ 13} Appellee places substantial reliance upon Andy Estates Dev.Corp. v. Bridal (1991), 68 Ohio App.3d 455 in support of her position that the trial court acted properly in its decision. We have reviewedAndy Estates and find it materially distinguishable from the case at hand. In Andy Estates, a factual basis was articulated describing precise factors which led to the mistake. Specifically, different counsel was utilized in the first dismissal as compared to the second dismissal due to associate attorney turnover. By contrast, the record before us is devoid of any facts or evidence underlying the mistaken second filing in order to evaluate its reasonableness. *Page 5 
 {¶ 14} The affidavit filed in support of appellee's motion unilaterally proclaims that the second filing was "in error" because counsel "was unaware at the time the previous dismissal had been filed." We find that this does not constitute or articulate a factual basis from which the reasonableness of the mistake can be assessed. Similarly, the trial court judgment itself is devoid of any factual basis describing events underlying the mistaken second filing so as to justify the granting of the motion. We can only conclude from the record that no factual explanation exists from which the mistaken second filing could be understood sufficiently to warrant relief pursuant to Civ.R. 60(B).
 {¶ 15} Our review of the trial court judgment in granting appellee's motion is conducted pursuant to the abuse of discretion standard of review. An abuse of discretion is a decision that is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Based upon all of the foregoing, we find that the trial court was arbitrary in its granting of appellee's motion. Appellant's assignment of error is found well-taken. The judgment is reversed and the case remanded to the trial court.
 {¶ 16} Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1