[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15176; 18-14845
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24097-UU

THE AFFILIATI NETWORK, INC.,
a Florida corporation,

Plaintiff - Counter Defendant - Appellee,

SANJAY PALTA,

Third Party Defendant - Appellee,

versus

JOSEPH WANAMAKER,
individually,
FITCREWUSA INC.,
a Nevada corporation,

Defendants - Third Party Plaintiffs-
Counter Claimants - Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(October 30, 2019)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

FitCrewUSA, Inc. and Joseph Wanamaker (together, "FitCrew") appeal the

district court's denial of their Motion for Relief from Final Order of Dismissal with

Prejudice and Motion for Clarification or Reconsideration[1] of the district court's

order denying the Motion for Relief.  FitCrew argues that the district court erred in

determining that it did not have jurisdiction to rule on the motions.  Because we

agree with FitCrew that the district court had jurisdiction, we vacate the district

court's order and remand for further consideration of the motions.

## I.    BACKGROUND

FitCrew, a fitness supplement company, contracted with Affiliati Network

Inc., for Affiliati to market and advertise its supplements.  Although FitCrew

initially experienced a surge of sales from its relationship with Affiliati, FitCrew

alleges that Affiliati engaged in fraudulent advertising practices that led to

---

[1] For ease of reading, we have shortened the title of FitCrew's "Motion for Clarification or, in the Alternative, for Reconsideration of Omnibus Order on Motion for Relief and Supporting Memorandum of Law."

demands for refunds and credit card chargebacks from a significant number of customers.  When FitCrew failed to pay Affiliati the commissions that Affiliati claimed it was owed, Affiliati filed a lawsuit for breach of contract against FitCrew.  In response, FitCrew brought a counterclaim alleging that Affiliati used "fraudulent, misleading and deceptive advertising practices that were undisclosed and hidden from [FitCrew]."  Doc. 13-1 at ¶ 13.[2]

Before trial began, the parties reached a settlement.  After the parties filed a joint stipulation of dismissal with prejudice, the district court entered an order dismissing the case with prejudice.  In the order, the district court expressly retained jurisdiction for 60 days to enforce the parties' settlement agreement.

Less than a month after entering into the settlement agreement, FitCrew learned that Affiliati's primary affiliate had been arrested by authorities in San Diego, California for conspiracy to commit advertising fraud and money laundering.  FitCrew contacted the San Diego County District Attorney's Office ("SDCDA") and learned that Affiliati and its principal were under investigation for fraud.  Over the next 10 months, FitCrew worked with the SDCDA.  FitCrew alleges that during this time it learned of information that Affiliati should have disclosed in discovery but instead actively concealed.  Upon learning that FitCrew was working with the SDCDA, Affiliati filed a lawsuit against FitCrew, alleging

---

[2] "Doc. #" refers to the numbered entries on the district court's docket.

3

that FitCrew had breached the confidentiality terms of the settlement agreement and seeking injunctive relief and damages. *See Affiliati v. Wanamaker*, No. 18-CV-22576-MGC (S.D. Fla. filed July 26, 2018).

In the initial litigation, FitCrew then filed a motion, pursuant to Federal Rule of Civil Procedure 60(b)(3), seeking relief from the final order of dismissal with prejudice and to invalidate the settlement agreement. FitCrew filed the motion one year after the district court entered its order dismissing the action. The motion for relief that FitCrew filed was heavily redacted. An unredacted version of the motion was emailed to the district court and opposing counsel that same day. FitCrew simultaneously filed a motion to temporarily file the motion for relief under seal. FitCrew explained that although it did not believe that any of the information in the motion needed to be sealed, much of that same information had been filed temporarily under seal in Affiliati's lawsuit and had not yet been unsealed. The district court denied FitCrew's motion to file temporarily under seal. Affiliati then filed its own motion to have FitCrew's motion for relief filed under seal.

The district court entered an order striking FitCrew's motion for relief and denying Affiliati's motion to file under seal. In striking the motion for relief, the district court determined that it could not rule on a fully redacted motion, the

4

"Defendants were not granted leave to file the unredacted Motion for Relief under seal," and an unredacted motion had not been filed.  Doc. 135 at 2.

FitCrew then filed a motion for clarification or reconsideration, seeking guidance as to how it should proceed to put the substance of the motion for relief before the court.  The district court denied the motion for clarification or reconsideration, concluding that it lacked jurisdiction to rule on either the motion for clarification or reconsideration or the original motion for relief because the parties had stipulated to dismissal with prejudice, and the court had retained jurisdiction for 60 days only to the extent required to enforce the settlement agreement.  The court further "note[d] that it [was] not inclined to grant the motion for reconsideration on the merits," determining that FitCrew had failed to show "manifest injustice" that would meet the standard of Federal Rule of Civil Procedure 59(e).  Doc. 140 at 5–6 n.1.  The court pointed to FitCrew's "dilatory conduct" in filing a motion over which the court lacked jurisdiction.  *Id.*  FitCrew appealed.

## II.    DISCUSSION

We review the district court's determination of subject matter jurisdiction *de novo*.  *Hill v. SEC*, 825 F.3d 1236, 1240 (11th Cir. 2016).  The district court concluded that it was unable to decide either the motion for relief or motion for clarification or reconsideration because it lacked jurisdiction.  The court, citing

*Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), reasoned that the court had retained jurisdiction in its dismissal order for only 60 days and only to the extent necessary to enforce the settlement agreement. Because the motions for relief and for clarification or reconsideration came approximately a year later, the court explained, they were outside its jurisdiction. We agree with the district court that at that point in time it lacked jurisdiction to enforce the settlement agreement, but we conclude that the district court nevertheless had jurisdiction to rule on the motions for relief and clarification or reconsideration.

In *Kokkonen*, a suit between Guardian Life Insurance Company ("Guardian Life") and Kokkonen was dismissed by the district court pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) after the parties filed a joint stipulation and order of dismissal with prejudice. *Id.* at 376-77. Once a dispute arose regarding the settlement agreement, Guardian Life moved in the district court to enforce the agreement. Kokkonen argued in response that the district court lacked subject matter jurisdiction, and the Supreme Court agreed. *Id.* at 377, 381-82. The Court held that absent an agreement that the district court would retain jurisdiction, "enforcement of the settlement agreement is for state courts." *Id.* at 382. The Court emphasized however, that the case at hand was seeking enforcement of the

settlement agreement "and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Id.* at 378.

The Court differentiated between an action brought to enforce a settlement agreement—over which a district court lacks jurisdiction unless expressly retained—and a Rule 60(b) action seeking to set aside the dismissal order—which the Court indicated was within the district court's jurisdiction. *Id.* (discussing Rule 60(b)(6)); *see also McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir. 1985) (applying this same distinction, stating "[a]ny time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule"); *Hinsdale v. Farmers Nat'l Bank & Tr. Co.*, 823 F.2d 993, 996 (6th Cir. 1987) (same).

The district court here had jurisdiction to review the motions for relief and for clarification or reconsideration because FitCrew was seeking to vacate the dismissal with prejudice, not to enforce the settlement agreement. Indeed, FitCrew was seeking the very opposite: to invalidate the settlement agreement. FitCrew's motion for relief sought to vacate the order of dismissal pursuant to Rule 60(b)(3). Rule 60(b)(3) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

7

Fed. R. Civ. P. 60(b)(3).[3]  Because FitCrew was seeking to set aside the judgment and invalidate the settlement agreement on the basis of fraud rather than to enforce the settlement agreement, we conclude that the district court had jurisdiction.  The district court therefore erred when it refused to consider FitCrew's motions for relief and for clarification or reconsideration on the basis that it lacked jurisdiction.

Affiliati argues that we must affirm the district court's denial of the motion for clarification or reconsideration because the district court also "note[d] that it [was] not inclined to grant the motion for reconsideration on the merits," Doc. 140 at 5 n.1, which it argues was an alternative ruling that FitCrew has not challenged on appeal.  It is true that when a district court's judgment is based "on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  But a close reading of the district court's order denying the motion for clarification or reconsideration shows that the denial did not rest on multiple, independent grounds.  Instead, even as the district court purported to identify alternative reasons, it was nonetheless relying on its misapprehension that it lacked jurisdiction.  *See* Doc. 140 at 6 n.1 (stating that the

---

[3] Federal Rule of Civil Procedure 60 requires a motion pursuant to this rule to be made "within a reasonable time—and for reason[] (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  In this case the motion was made on the last day possible.

court would not reconsider or clarify its order striking the motion for relief because FitCrew filed the motion for relief in a court that "lacks jurisdiction"). Because the district court's determination that it lacked jurisdiction was intertwined with its reasoning in its purported merits ruling, we cannot say that it offered an independent, alternative ruling, and we thus reject Affiliati's argument.

### III.    CONCLUSION

We vacate the order of the district court denying the motions for relief and for clarification or reconsideration for lack of jurisdiction. We remand the case to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**