{¶ 1} Defendant Tony Nassif (appellant) appeals the trial court's denying his motion for relief from judgment, reconsideration, and request for hearing. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On August 30, 2005, a judgment for a cognovit note in the amount of $101,493.15 was entered against appellant in favor of plaintiff Richard Koly (appellee). This cognovit note was related to appellee's selling a liquor agency to appellant. While many of the facts regarding the transaction are in dispute, the parties agree that a cognovit note dated February 25, 2005 exists, and it states that appellant promises to pay appellee $100,000, plus interest, on demand, upon transfer of the liquor agency.
 {¶ 3} On September 14, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60. In this motion, appellant listed as his meritorious defense "partial payment." On October 11, 2005, appellee filed an opposition to appellant's Civ.R. 60 motion, and on October 21, 2005, appellant's counsel filed a motion to withdraw from representation. On October 31, 2005, the court granted the withdrawal motion and gave appellant until November 18, 2005 to respond to appellee's opposition. Appellant obtained new counsel but nothing was filed by the November 18, 2005 deadline. Accordingly, on November 29, 2005, the court denied appellant's motion for relief from judgment. On November 30, 2005, appellant's new *Page 4 
counsel filed a motion for extension of time to respond to appellee's opposition, which the court declared moot on December 7, 2005, in light of its denial of appellant's Civ.R. 60 motion. The court docket is silent for the next six months, then on June 2, 2006, appellant filed a second or "new" motion for relief from judgment, reconsideration, and request for hearing, pursuant to Civ.R. 60(B)(5). On June 9, 2006, the court summarily denied this motion, and it is from this denial that appellant appeals.
 II. {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred by denying defendant-appellant's motion for relief from judgment from a cognovit judgment where defendant-appellant provided the court with a meritorious defense and the motion was timely filed." Specifically, appellant argues that, after various adjustments were made to the amount owed under the cognovit note, such as the actual value of the store's inventory and "deducting payments and other discounts," appellant owed $12,290 rather than $100,000.
 {¶ 5} The basic legal principles regarding a motion for relief from a cognovit
judgment were aptly discussed by this court in Luszczynski v.Walters, Cuyahoga
App. No. 84062, 2004-Ohio-4087:
 "In general, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds *Page 5 
stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146.
 "However, where the judgment sought to be vacated is a cognovit judgment, the party need only establish a meritorious defense in a timely fashion. Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850; Davidson v. Hayes (1990), 69 Ohio App.3d 28; Matson v. Marks (1972), 32 Ohio App.2d 319, 323-24. The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20."
 {¶ 6} In the instant case, however, appellee argues that the doctrine of res judicata serves to bar appellant's June 2, 2006 "new" motion for relief from judgment. Res judicata is an "issue that has been definitively settled by judicial decision." Black's Law Dictionary (7th Ed. 1999) 1312. To further narrow the definition of res judicata as it applies to the instant case, we look at the Ohio Supreme Court's holding in Harris v. Anderson, 109 Ohio St.3d 101, 102,2006-Ohio-1934, which states that "[r]es judicata prevents the successive filings of Civ.R. 60(B) motions for relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." (QuotingBeck-Durrell Creative Dept, Inc. v. Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908.) In addition, a "Civ.R. 60(B), motion for relief from judgment cannot be used as a substitute for a timely appeal * * *." State ex rel. Bragg v. Seidner, 92 Ohio St.3d 87, 2001-Ohio-152. See, also, Key v. Mitchell, 81 Ohio St.3d 89, 1998-Ohio-643. *Page 6 
 {¶ 7} In the instant case, appellant filed successive Civ.R. 60(B) motions for relief from judgment and the question becomes: How do the motions differ? Appellant's second motion is not based on new information nor is it based on facts that could not have been raised the first time around. In fact, appellant alleges that his first Civ.R. 60(B) motion "misstated [his] defense and was deficient in evidence to support that motion." We render no opinion on the merits of this allegation; however, appellant's admission that his first attempt at relief from judgment was inadequate, standing alone, does not warrant a second bite at the apple.
 {¶ 8} While we are sensitive to the fact that appellant was not given his day in court, the doctrine of res judicata prevents issues from being litigated ad nauseam. When the court denied appellant's first motion for relief from judgment, appellant had 30 days to appeal the denial. See App.R. 4(A). He failed to do this. Rather, approximately six months later, he filed a second motion for relief from judgment based on the same general principle as his original argument — a meritorious defense of partial payment. No new events occurred and no new facts were discovered. Accordingly, the court did not abuse its discretion when it denied appellant's second Civ.R. 60(B) motion for relief from judgment, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
 KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1