OPINION
{¶ 1} Plaintiff-appellant, Chase Manhattan Bank ("Chase"), and appellant, EMC Mortgage Corporation ("EMC") as successor in interest to Chase, appeal from the judgment of the Franklin County Court of Common Pleas denying EMC's motion for relief from judgment in this foreclosure action against defendant-appellee, Otis L. Jenkins ("Jenkins"). For the following reasons, we reverse and remand. *Page 2 
 {¶ 2} The instant action arises out of an adjustable rate note (the "note") and open-end mortgage (the "mortgage") that Jenkins allegedly executed on May 12, 2000, through a power of attorney. The note and mortgage have been the subject of three separate foreclosure actions in the Franklin County Court of Common Pleas and one previous appeal to this court. Before beginning our analysis, we first review the procedural history of the various foreclosure actions against Jenkins.
 {¶ 3} Chase filed its first foreclosure action against Jenkins on August 29, 2001, and dismissed that action by filing a notice of dismissal without prejudice on October 9, 2001. Chase refiled its claims against Jenkins on November 13, 2001, in case No. 01CVE11-11249 (the "second foreclosure action"). On December 16, 2002, the scheduled trial date, Chase filed a second notice of dismissal, purporting to dismiss its refiled claims without prejudice, pursuant to Civ.R. 41(A). During the pendency of the second foreclosure action, EMC became the holder of the note and mortgage by assignment; however, EMC was not substituted for Chase as the plaintiff in the second foreclosure action, which remained pending until Chase voluntarily dismissed it in December 2002. On December 19, 2002, EMC filed the third foreclosure action against Jenkins, in case No. 02CVE12-14140 (the "third foreclosure action"). Like Chase, EMC asserted claims for breach of the note and foreclosure of the mortgage, seeking, inter alia, recovery of the entire principal balance on the note.
 {¶ 4} On April 24, 2003, Jenkins filed a motion to dismiss the third foreclosure action, arguing that the trial court lacked jurisdiction because, pursuant to the two-dismissal rule set forth in Civ.R. 41(A)(1), Chase's voluntary dismissal of the second foreclosure action constituted an adjudication on the merits of EMC's claims. The final *Page 3 
sentence of Civ.R. 41(A)(1) sets forth the "two dismissal rule," pursuant to which a plaintiff may voluntarily dismiss a claim by notice only once without prejudice. "Civ.R. 41(A) is clear that a second dismissal by a written notice * * * operates as an adjudication on the merits and prohibits the plaintiff from pursuing that claim again."Fouss v. Bank One, Columbus, NA (June 27, 1996), Franklin App. No. 96APE01-57.
 {¶ 5} After Jenkins raised the two-dismissal rule in his motion to dismiss, EMC filed a motion for relief from judgment in the second foreclosure action on May 7, 2003. EMC moved the trial court, pursuant to Civ.R. 60(B)(1), (3), and (5), to vacate Chase's voluntary dismissal of the second foreclosure action. In support of its motion, EMC submitted the affidavit of its attorney, Thomas L. Henderson, who asserted that the Civ.R. 41(A)(1) dismissal of the second foreclosure action was made by mistake because counsel was unaware that the claims asserted therein had previously been voluntarily dismissed in a prior action. EMC's counsel also argued that the dismissal of the second foreclosure action was made with the understanding of Jenkins' counsel that the claims would be refiled.
 {¶ 6} On October 15, 2003, the trial court denied Jenkins' motion to dismiss the third foreclosure action. On August 30, 2004, based on its denial of Jenkins' motion to dismiss the third foreclosure action, the trial court denied EMC's motion to vacate the voluntary dismissal in the second foreclosure action. The trial court did not address the merits of EMC's motion to vacate and, instead, denied the motion based solely on the fact that EMC's claims would be addressed in the third foreclosure action, which remained pending. *Page 4 
 {¶ 7} On November 8, 2004, the trial court entered final judgment and a decree of foreclosure in favor of EMC in the third foreclosure action. Jenkins appealed, arguing that the trial court erred in denying his motion to dismiss the third foreclosure action based on the two-dismissal rule. See EMC Mtge. Corp. v. Jenkins, 164 Ohio App.3d 240,2005-Ohio-5799 ("Jenkins I"). This court agreed that the trial court erred in denying Jenkins' motion to dismiss the third foreclosure action. We stated that, "[o]nce a claim has been dismissed under Civ.R. 41(A)(1)(a), a second dismissal becomes an adjudication on the merits of the claim, barring a third filing of the claim under the doctrine of res judicata." Id. at ¶ 8. We concluded, at ¶ 32:
 Chase voluntarily dismissed its second foreclosure action by notice, pursuant to Civ.R. 41(A)(1)(a), having previously dismissed its claims in the first foreclosure action in the same manner. Pursuant to Civ.R. 41(A), its second dismissal constituted an adjudication on the merits of the claims asserted therein. Upon review, we conclude that the doctrine of res judicata bars EMC's claims and that the trial court erred by failing to dismiss EMC's claims. * * *
Thus, we reversed and remanded the matter, instructing the trial court to dismiss the third foreclosure action.
 {¶ 8} After this court remanded the third foreclosure action to the trial court with instructions to dismiss it, EMC filed a second motion for relief from judgment in the second foreclosure action. In its motion, filed December 19, 2005, EMC requested relief from the trial court's August 30, 2004 denial of its motion to vacate the voluntary dismissal. On October 30, 2006, the trial court denied EMC's motion for relief from judgment, concluding: (1) that the issues in EMC's motion were not wholly distinguishable from the issues in EMC's first Civ.R. 60(B) motion; (2) that ruling on EMC's motion would require the court to address issues previously decided on appeal; *Page 5 
and (3) that EMC's motion could not substitute for EMC's failure to appeal the denial of its first Civ.R. 60(B) motion.
 {¶ 9} Appellants filed a timely notice of appeal from the trial court's denial of EMC's motion for relief from judgment and presently assert the following assignments of error:
 1. The Trial Court abused its discretion in denying the Motion for Relief from Judgment filed by Appellants.
 2. The Trial Court erred in denying Appellants' Motion for Relief [from] Judgment without holding an evidentiary hearing.
Because both assignments of error stem from the trial court's denial of EMC's motion for relief from judgment, we address them together.
 {¶ 10} Civ.R. 60(B) governs motions for relief from judgment and provides:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
The Ohio Supreme Court set forth the requirements for prevailing on a Civ.R. 60(B) motion in GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, at paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a *Page 6 
meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 11} The determination of whether to grant a Civ.R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. SeeMoore v. Emmanuel Family Training Ctr (1985), 18 Ohio St.3d 64, 66. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} If a Civ.R 60(B) motion contains allegations of operative facts that would warrant relief from judgment, a trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19;Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16. A trial court abuses its discretion when it denies a hearing on a Civ.R. 60(B) motion that sufficiently alleges grounds for relief from judgment and is supported with evidence that would warrant relief from judgment. Kay at 19-20, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103.
 {¶ 13} We now turn our attention to whether EMC's December 19, 2005 motion for relief from judgment contained allegations of operative facts that, if true, would warrant relief under Civ.R. 60(B). EMC moved for relief from judgment based on Civ.R. 60(B)(4) and (5). Civ.R. 60(B)(4) permits relief from judgment when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment *Page 7 
should have prospective application[.]" Civ.R. 60(B)(5) is a catch-all provision, which permits relief for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) applies only when no more specific provision of Civ.R. 60(B) applies. Strack v. Pelton (1994),70 Ohio St.3d 172, 174.
 {¶ 14} The Ohio Supreme Court has stated, "it is well-settled that relief under Civ.R. 60(B)(4), `* * * is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed.'" Doe v. Trumbull Cty. Children Servs. Bd.
(1986), 28 Ohio St.3d 128, 130, fn. 2, quoting Wright Miller, Federal Practice and Procedure (1973) 204, Section 2863. In so holding, the Supreme Court noted that, "[t]o hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law[,]" thus undermining the strong interest in the finality of judgments. Id. at 131.
 {¶ 15} EMC does not base its motion for relief from judgment on a mere change in precedent relied on by the trial court. The trial court denied EMC's first Civ.R. 60(B) motion, requesting relief from the voluntary dismissal in the second foreclosure action, based on the court's denial of Jenkins' motion to dismiss the third foreclosure action. InJenkins I, we concluded that the trial court erred in denying Jenkins' motion to dismiss the third foreclosure action and remanded the matter to the trial court with instructions to dismiss that action pursuant to the two-dismissal rule. Thus, based on the reversal and vacation of the judgment upon which the trial court based its denial of EMC's first motion for relief from judgment, EMC argues that it is entitled to relief under Civ.R. 60(B)(4). *Page 8 
 {¶ 16} We agree with appellants that this case falls within the scope of Civ.R. 60(B)(4). Unlike the plaintiff in Doe, EMC does not base its motion upon a subsequent change in law brought about by an unrelated case. To the contrary, the second and third foreclosure actions against Jenkins involved the same claims, arising from the same mortgage and note, and requested the same relief. The defendants were the same in both actions, and the named plaintiffs were in privity, as the result of the assignment of the mortgage and note from Chase to EMC. Without considering the merits of EMC's arguments, the trial court denied EMC's first Civ.R. 60(B) motion based solely on the continued pendency of the third foreclosure action in which EMC's claims against Jenkins would have been adjudicated. However, after this court reversed the trial court's judgment in the third foreclosure action and ordered that action dismissed, the basis for the trial court's denial of EMC's first Civ.R. 60(B) motion was eradicated. We agree with EMC that this scenario fits within Civ.R. 60(B)(4) and arguably provides a basis for relief from judgment. Because a more specific provision of Civ.R. 60(B) applies, we need not address whether EMC has alleged facts implicating Civ.R. 60(B)(5).
 {¶ 17} Appellants next argue that EMC filed its motion for relief from judgment within a reasonable time. Although EMC filed its motion nearly 16 months after the trial court denied its first Civ.R. 60(B) motion, it did so within two months after this court reversed the trial court's judgment in the third foreclosure action. While a motion for relief from judgment, pursuant to Civ.R. 60(B)(4) or (5), is not governed by the one-year limitation period applicable to Civ.R. 60(B)(1), (2), and (3), such a motion must still be brought within a reasonable time after entry of judgment. The movant bears the burden *Page 9 
of alleging facts demonstrating the timeliness of the motion.Adomeit at 103. The basis for EMC's second motion for relief from judgment arose only when this court reversed the judgment in the third foreclosure action and instructed the trial court to dismiss EMC's claims against Jenkins therein. Because EMC filed its motion within two months thereafter, we find that EMC appropriately alleged facts regarding the timeliness of its second motion for relief from judgment.
 {¶ 18} EMC next argues that it has a meritorious defense to present if the trial court vacates its denial of EMC's first motion for relief from judgment and considers the merits of that motion. Specifically, EMC argues that the voluntary dismissal of the second foreclosure action was made by mistake, based on its counsel's unawareness that a prior foreclosure action against Jenkins had been voluntarily dismissed. EMC also argues that Jenkins' counsel agreed to the dismissal of the second foreclosure action, with the understanding that the dismissed claims would be refiled.
 {¶ 19} In denying EMC's motion, the trial court found that EMC failed to present sufficient facts demonstrating a meritorious defense. More specifically, the court concluded that, in evaluating EMC's proffered defense, it would inappropriately be required to address issues already decided by this court. The trial court stated:
 * * * [T]o assess the adequacy and merits of [EMC's alleged meritorious defense], the Court would have to address arguments identical to those raised by EMC during the appeal of the Third Foreclosure Action, i.e., that the Second Foreclosure Action was dismissed in error, under the mistaken belief and without knowledge of the prior dismissal, (Civ.R. 60(B)(1)), and that the action was so dismissed in light of Defendant's counsel's alleged misrepresentation that the dismissal was agreed to and the case would be re-filed, (Civ.R. 60(B)(3)). * * *
(Footnote omitted.) *Page 10 
 {¶ 20} Contrary to the trial court's statement, this court did not address EMC's contention that its counsel was unaware of the first voluntary dismissal when he dismissed the second foreclosure action. Rather, our analysis of EMC's asserted defenses centered solely on whether the dismissal in the second foreclosure action was accomplished unilaterally, by notice or by stipulation.
 {¶ 21} This court has previously found that an attorney's assertion that he was unaware of an earlier voluntary dismissal before filing a second voluntary dismissal may constitute grounds for relief from the second dismissal under Civ.R. 60(B)(1). See Andy Estates Dev. Corp. v.Bridal (1991), 68 Ohio App.3d 455. In Andy Estates, the plaintiff filed suit in the Franklin County Court of Common Pleas for money owed under a vehicle lease agreement. The plaintiff subsequently dismissed its complaint, pursuant to Civ.R. 41(A)(1), having previously dismissed an earlier action against the defendants in the Franklin County Municipal Court. In an attempt to circumvent the two-dismissal rule, the plaintiff moved the trial court to vacate the second voluntary dismissal pursuant to Civ.R. 60(B). In an affidavit, the plaintiff's attorney asserted that he was unaware of the first dismissal when he dismissed the second action. The plaintiff's attorney also asserted that the prior action was filed in the name of the plaintiff's predecessor in interest. The trial court denied the plaintiff's motion without a hearing, concluding that it lacked jurisdiction to consider the motion. On appeal, we held that the trial court abused its discretion by denying the plaintiff's Civ.R. 60(B) motion without affording the plaintiff an evidentiary hearing. We found that the affidavit of the plaintiff's counsel arguably supported relief under Civ.R. 60(B)(1) and, thus, entitled the plaintiff to an evidentiary hearing on its motion. *Page 11 
 {¶ 22} Similar to the affidavit in Andy Estates, attorney Henderson's affidavit states that he was unaware of any prior proceedings against Jenkins and that, had he been aware of a prior dismissal, he would have requested the trial court to dismiss the second foreclosure action, pursuant to Civ.R. 41(A)(2), so as not to implicate the two-dismissal rule. The allegations in Henderson's affidavit arguably support relief from judgment under Civ.R. 60(B)(1). Moreover, this court's holding inJenkins I that the dismissal of the second foreclosure action was a voluntary dismissal by notice is not inconsistent with EMC's argument that the dismissal was accomplished by mistake, based on its lack of knowledge of the first voluntary dismissal of claims against Jenkins. Accordingly, our decision in Jenkins I neither bars the trial court's consideration of EMC's motion for relief from judgment nor requires denial of that motion.
 {¶ 23} For the aforestated reasons, we conclude that EMC's motion for relief from judgment and the attached affidavit of attorney Henderson contain allegations of operative facts sufficient to warrant an evidentiary hearing on EMC's motion. However, before determining whether the trial court's failure to conduct an evidentiary hearing on EMC's motion constituted an abuse of discretion, we must address two other bases upon which the trial court denied EMC's motion without a hearing. In addition to finding that EMC failed to allege a meritorious defense, the trial court denied EMC's motion based upon its conclusions that the issues in EMC's motion were not wholly distinguishable from issues raised in EMC's first Civ.R. 60(B) motion and that EMC may not use its motion for relief from judgment as a substitute for an appeal from the trial court's denial of EMC's first Civ.R. 60(B) motion. We address each of these contentions in turn. *Page 12 
 {¶ 24} In denying EMC's motion for relief from judgment, the trial court held that the issues raised therein were not wholly distinguishable from the issues raised in EMC's first motion for relief from judgment and that relief was, therefore, barred by the doctrine of res judicata. "`When a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally.'" Coulson at 17, quoting Brick Processors, Inc. v.Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus. However, res judicata does not bar a successive Civ.R. 60(B) motion where the second motion is based on different facts, asserts different grounds for relief, and where it is not certain that the movant could have raised the issues presented in the prior motion. Coulson at 17.
 {¶ 25} Unlike the scenarios in Coulson and Brick Processors,Inc., EMC has not twice moved for relief from the same judgment. EMC first moved the trial court to vacate the voluntary dismissal in the second foreclosure action, which the trial court denied based on the pendency of the third foreclosure action. After this court instructed the trial court to dismiss the third foreclosure action, EMC moved the trial court for relief from its judgment denying EMC's previous motion to vacate. EMC asserted different grounds for relief in its two motions, relying primarily on Civ.R. 60(B)(1) and (3) in its first motion and relying primarily on Civ.R. 60(B)(4) in its second motion. Moreover, EMC could not have previously raised the issues presented in its second motion, because the basis for EMC's relief did not arise until this court instructed the trial court to dismiss the third foreclosure action. The fact that EMC will reassert the bases for its claimed entitlement to relief from the voluntary dismissal should the trial court grant *Page 13 
Civ.R. 60(B)(4) relief and consider EMC's first motion for relief from judgment on the merits, does not bring into play the doctrine of res judicata. Accordingly, we conclude that the trial court erred in refusing to consider EMC's motion based on its conclusion that the issues raised therein were not wholly distinguishable from the issues raised in EMC's first motion for relief from judgment. Furthermore, because the trial court did not address the merits of EMC's first motion, res judicata does not now preclude consideration of the arguments raised therein. See Crestmont Cleveland Partnership v. OhioDept. of Health (2000), 139 Ohio App.3d 928, 933 ("[w]here a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for the defense of res judicata").
 {¶ 26} Lastly, we address the trial court's reasoning that EMC's motion for relief from judgment failed based on the general principle that "[a] motion under Civ.R. 60(B) is not to be used as a substitute for appeal." Architectural Interior Prods. v. Freeman Doors, LLC, Franklin App. No. 03AP-265, 2004-Ohio-676, at ¶ 9; Blasco v. Mislik
(1982), 69 Ohio St.2d 684, 686. This court has previously stated that, "[i]n support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.'" Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992),73 Ohio App.3d 395, 399. Here, the trial court concluded that EMC's failure to appeal the denial of its motion to vacate the voluntary dismissal in the second foreclosure action precludes EMC's subsequent request for relief from judgment. We disagree. *Page 14 
 {¶ 27} In Koly v. Nassif, Cuyahoga App. No. 88399, 2007-Ohio-2505, the Eighth District Court of Appeals affirmed the denial of a second motion for relief from judgment based on res judicata and the principle that a Civ.R. 60(B) motion may not be used as a substitute for appeal. In doing so, the court noted that the second motion was based neither on new information nor on facts that could not have been raised in the first motion, specifically stating that "[n]o new events occurred and no new facts were discovered." Id. at ¶ 8. Here, in contrast, new events occurred after the denial of EMC's first motion for relief from judgment, including, most importantly, this court's determination that EMC was barred from maintaining its claims against Jenkins in the third foreclosure action. At the time the trial court denied EMC's first motion for relief from judgment, the court had already rejected Jenkins' argument that the two-dismissal rule barred the third foreclosure action. Thus, EMC's claims remained pending in the third foreclosure action. Any appeal from the trial court's denial of Civ.R. 60(B) relief in the second foreclosure action would have been moot, given the pendency of the same claims in the third foreclosure action. Accordingly, we find that EMC's failure to appeal the denial of its first motion for relief from judgment does not bar its subsequent motion, given the subsequent events that provided the basis for EMC's motion under Civ.R. 60(B)(4).
 {¶ 28} Because we conclude that EMC's motion for relief from the denial of its first motion for relief from judgment set forth operative facts arguably demonstrating entitlement to relief, we find that that trial court abused its discretion in denying EMC's motion without affording EMC an evidentiary hearing. Accordingly, we sustain appellants' second assignment of error. Because we offer no opinion regarding the *Page 15 
ultimate outcome of EMC's motion for relief from judgment, we do not address appellants' first assignment of error. For the aforestated reasons, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1