[Cite as *Hillman v. Edwards*, 2014-Ohio-5667.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert L. Hillman, | : | |
| Plaintiff-Appellant, | : | Nos.  14AP-496 |
| | | (C.P.C. No. 07CV-17248) |
| v. | : | and   14AP-497 |
| | | (C.P.C. No. 07CV-12491) |
| William Joseph Edwards, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 23, 2014

*Robert L. Hillman,* pro se.

APPEALS from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from a judgment entered in favor of defendant-appellee, William Joseph Edwards. For the reasons that follow, we affirm the judgment of the trial court.

A. Facts and Procedural History

{¶ 2} This is the third time we have reviewed a trial court judgment in these consolidated cases. In *Hillman v. Edwards*, 10th Dist. No. 10AP-58, 2010-Ohio-3524 ("*Hillman II*"), we set forth the basic facts and procedural history of the case as follows:

> Appellant [Hillman] initiated two legal malpractice actions against appellee. In common pleas case No. 07CVH-09-12491, appellant failed to perfect service of his complaint. But in common pleas case No. 07CVH-12-17248, after appellant filed a complaint on December 19, 2007, service was perfected via certified mail to appellee's office. Appellee did not file an answer by the deadline, and appellant filed a motion for

default judgment on February 12, 2008. Appellee filed an answer on February 26, 2008, but he did not seek leave of court for the untimely filing. Regardless, the trial court denied the default judgment motion because appellee filed an answer.

[T]he trial court consolidated the malpractice cases, and the parties filed cross-motions for summary judgment. The court granted summary judgment for appellee and denied appellant's motion, noting appellant's failure to present experts to support his motion and to rebut appellee's.

Appellant appealed in *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087 ("*Hillman I*"). In that appeal, this court found no error in the trial court's decision to grant appellee summary judgment. *Id.* at ¶ 34. This court concluded, however, that the trial court abused its discretion by accepting appellee's untimely answer because there was neither a motion for leave to file it nor an attempt to show excusable neglect for his untimeliness. Id. at ¶ 16. Thus, the matter was remanded to the trial court so that it could "entertain a properly filed and supported Civ.R. 6(B) motion for leave to file an untimely answer on the ground of excusable neglect." *Id.* The trial court was ordered to reinstate summary judgment for appellee if it concluded that he avoids a default judgment due to being allowed to file an untimely answer. *Id.* at ¶ 36. But the court was ordered to enter a default judgment for appellant if it found no excusable neglect for the untimely answer. *Id.*[1]

On remand, * * * [t]he trial court granted appellee leave to file his untimely answer, concluding that he demonstrated excusable neglect. * * * The court declined to enter a default judgment against appellee and, pursuant to *Hillman I*, reinstated summary judgment in his favor.

*Id.* at ¶ 2-6.

{¶ 3} In *Hillman II*, we held that the trial court did not abuse its discretion by granting appellee leave to file his answer and denying appellant's motion for default judgment. *Id.* at ¶ 14. With regard to the reinstatement of summary judgment in favor of

---

[1] Discretionary appeal not accepted in *Hillman v. Edwards*, 124 Ohio St.3d 1443, 2010-Ohio-188.

appellee, we held that res judicata barred appellant from challenging that decision for a second time. *Hillman II* at ¶ 15.[2]

{¶ 4} Following the decision of this court in *Hillman II*, appellant filed a motion for relief from judgment in the trial court on December 20, 2012. In a decision and judgment entry dated February 5, 2013, the trial court denied appellant's motion. Appellant did not file an appeal from the trial court judgment. He did, however, file a second motion for relief from judgment on May 6, 2014. On May 27, 2014, the trial court issued an entry denying appellant's second motion for relief from judgment. Appellant filed a timely notice of appeal to this court on June 24, 2014.

## B. Assignments of Error

{¶ 5} Appellant's assignments of error are as follows:

> [I.] APPELLANT CONTENDS THAT THE TRIAL COURT IN THIS MATTER HAS DENIED APPELLANT PROCEDURAL DUE PROCESS, HIS RIGHTS TO SUBSTANTIVE LAW UNDER THE 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [sic] TO DUE PROCESS, AND EQUAL PROTECTION OF THE LAW, WHEN IT MADE REISSUABLE [sic] ERRORS, FAILED TO HOLD A HEARING PRIOR TO DENYING THE 60 (B)(5) MOTION FOR RELIEF FROM JUDGMENT WHERE OPERATIVE FACTS, AND EVIDENCE WAS OFFERED IN SUPPORT OF SAID MOTION.
>
> [II.] APPELLANT CONTENDS THAT THE TRIAL COURT VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER THE 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [sic], AND OHIO'S CONSTITUTION ARTICLE 1 § 2 WHEN THE TRIAL COURT WAS NOT IMPARTIAL, AND FAILED TO ADHERE TO CIVIL RULES, AND STATUTORY LAWS.

## C. Standard of Review

{¶ 6} To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time, and, when relying on a ground for relief set forth in

---

[2] Discretionary appeal not accepted in *Hillman v. Edwards*, 127 Ohio St.3d 1461, 2010-Ohio-6008.

Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976); *Wells Fargo Bank, N.A. v. Perkins*, 10th Dist. No. 10AP-1022, 2011-Ohio-3790, ¶ 8. All three of the elements must be established and the test is not met if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 7} The decision to grant or deny a Civ.R. 60(B) motion rests in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An appellate court will not reverse such a decision absent an abuse of that discretion. *Id.* " 'Under this standard of review, we must affirm the trial court's action absent a showing that the trial court acted unreasonably, unconscionable or arbitrarily.' " *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.*, 10th Dist. No. 08AP-987, 2009-Ohio-5201, ¶ 14.

## D. Legal Analysis

{¶ 8} For purposes of clarity, we will consider appellant's assignments of error out of order. In his second assignment of error, appellant argues that the trial court abused its discretion in denying his second motion for relief from judgment. We disagree.

{¶ 9} As noted above, appellant filed two motions for relief from judgment. Appellant's first motion, brought pursuant to Civ.R. 60(B)(3) and (5), sought relief from the judgment issued by the trial court on November 2, 2009. In other words, appellant sought relief from the same judgment that was the subject of the appeal in *Hillman II*. Therein, appellant sought relief for the following reasons: (1) the trial court erroneously granted appellee leave to answer even though appellee failed to show that his failure to timely answer the complaint was the result of excusable neglect; (2) the trial court erred by denying his motion for default judgment; and (3) the trial court erred when it reinstated summary judgment in favor of appellee where appellee failed to respond to requests for admissions and interrogatories.

{¶ 10} In denying appellant's first motion for relief from judgment, the trial court determined that the law of the case doctrine barred appellant from relitigating issues previously considered and rejected by this court in *Hillman v. Edwards*, 10th Dist. No.

08AP-1063, 2009-Ohio-5087 ("*Hillman I*") and *Hillman II*. As noted above, appellant did not appeal the trial court's ruling on his first motion for relief from judgment.

{¶ 11} In his second motion for relief from judgment, brought pursuant to Civ.R. 60(B)(5), plaintiff essentially repackages the arguments he made in his first motion for relief from judgment. The only additional arguments made in the second motion are: that the trial court abused its discretion by denying his first motion without a hearing; and the trial court misapplied res judicata. Although appellant does not specifically identify the judgment from which he seeks relief, his memorandum in support of the motion challenges both the November 2, 2009 judgment on the merits, and the May 27, 2014 judgment denying his first 60(B) motion.

{¶ 12} " 'Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource L.L.C. v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting, *CarusoCiresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. The grounds for invoking this provision should be substantial. *Id.* at paragraph two of the syllabus.

{¶ 13} In its judgment entry denying appellant's second motion for relief from judgment, the trial court did not answer the question whether appellant's motion set forth sufficient grounds justifying relief under Civ.R. 60(B)(5). Rather, the trial court stated: "This instant Motion sets forth arguments that have already been considered and rejected, and the new issues being raised do not form a basis for relief from the judgment issued by the Court's predecessor in 2009 and affirmed by [*Hillman II*]." We agree with the trial court.

{¶ 14} As a general rule, res judicata precludes the successive filings of Civ.R. 60(B) motions for relief from a valid, final judgment when based upon the same facts and same grounds or based upon grounds that could have been raised in the prior motion. *See GMAC Mtge., L.L.C. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 18; *Chase Manhattan Bank v. Jenkins*, 10th Dist. No. 06AP-1192, 2007-Ohio-3622, ¶ 24. Res judicata bars a second motion for relief from judgment where " '[n]o new events occurred and no new facts were discovered' " after the ruling upon the first motion. *Chase* at ¶ 27

quoting *Koly v. Nassif,* 8th Dist No. 88399, 2007-Ohio-2505, ¶ 8. Similarly, a motion for relief from judgment cannot be used as a substitute for appeal. *Id.* at ¶ 27, citing *Koly* at ¶ 8. *See also Daroczy v. Lantz,* 10th Dist. No. 02AP-31, 2002-Ohio-5417, ¶ 34, and *Blasco v. Mislik,* 69 Ohio St.2d 684, 686 (1982). Res judicata does not, however, bar successive Civ.R. 60(B) motions where the subsequent motion is based on different facts, asserts different grounds for relief, and it is not certain that the movant could have previously raised the issues presented. *Chase* at ¶ 24, citing *Coulson v. Coulson,* 5 Ohio St.3d 12, 17 (1983).

{¶ 15} Appellant's second motion for relief from judgment does not assert new facts or new grounds for his challenge to the November 2, 2009 judgment. Appellant simply reargues same legal and factual issues presented in his first motion for relief from judgment. Specifically, that the trial court erred when it granted appellee leave to answer the complaint, denied default judgment, and granted appellee's motion for summary judgment. Thus, to the extent that appellant's second motion for relief from judgment challenges the November 2, 2009 judgment, res judicata barred appellant from raising the same issues in a second 60(B) motion.

{¶ 16} Additionally, to the extent that appellant's second motion for relief from judgment challenges the denial of his first 60(B) motion, we note that "[a] judgment entry denying a Civ.R. 60(B) motion for relief from judgment is final and appealable, and, where a party fails to file a timely appeal under App.R. 4(A), res judicata applies to bar further litigation of the issues." *GMAC* citing *Deutsche Bank Natl. Trust Co. v. Pandey,* 10th Dist. No. 10AP-39, 2010-Ohio-3746, ¶ 12. As noted above, appellant claims that the trial court abused its discretion by applying the law of the case doctrine in denying his first motion for relief from judgment and by refusing to hold an evidentiary hearing on the motion. Appellant could have raised these issues in a direct appeal of the trial court's February 5, 2013 judgment denying his first 60(B) motion. Because appellant could have raised these issues in a direct appeal to this court, but did not, res judicata barred appellant from raising them in a motion for relief from judgment. *Daroczy.*

{¶ 17} In short, res judicata bars appellant from relitigating, in a second motion for relief from judgment, the same issues raised and rejected by the trial court in ruling on his first motion for relief from judgment, as well as those issues that could have been raised in

a direct appeal from the denial of that motion. For the foregoing reasons, we hold that the trial court did not abuse its discretion when it denied appellant's second motion for relief from judgment. Accordingly, appellant's second assignment of error is overruled.

{¶ 18} In his first assignment of error, appellant argues that the trial court abused its discretion by denying his motion for relief from judgment without first conducting an evidentiary hearing. We disagree.

{¶ 19} "[A] party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion." *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 105 (8th Dist. 1974).  " '[I]f the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion.' " *Flagstar Bank, FSB v. Hairston*, 10th Dist. No. 12AP-679, 2013-Ohio-1151, ¶ 12,  quoting *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). " 'Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B).' " *Id.* quoting *State ex rel. Richard.*

{¶ 20} Appellant's affidavit in support of his second motion for relief from judgment contains nothing more conclusory statements in support of his second motion for relief from judgment. As noted above, appellant's motion does not assert any grounds for Civ.R. 60(B) relief that are not barred by res judicata. Accordingly, we hold that the trial court did not abuse its discretion by denying appellant's motion for relief from judgment without a hearing. Appellant's first assignment of error is overruled.

## E. Conclusion

{¶ 21} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and DORRIAN, J., concur.

————————————————