[Cite as *Neal v. 4030 W. Broad, Inc.*, 2020-Ohio-1348.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leo Neal, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-667 |
| v. | : | (M.C. No. 2016 CVF019268) |
| 4030 West Broad, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 7, 2020

**On brief:** *Leo Neal, Jr.,* pro se.

APPEAL from the Franklin County Municipal Court

NELSON, J.

{¶ 1} This matter relates to but is not a direct appeal from the trial court's final appealable order of April 5, 2018 awarding judgment of $15,000 against Leo Neal, Jr. on the counterclaim of 4030 West Broad, Inc. Mr. Neal did try to appeal from that order, but he was a year or so out of time and his appeal of that judgment was dismissed. *See Neal, Jr. v. 4030 West Broad Street, Inc.*, 10th Dist. No. 19AP-378 (July 16, 2019) (Journal Entry of Dismissal).

{¶ 2} The case has much more of a procedural history, but for purposes of this appeal we note that on March 28, 2019, Mr. Neal filed a motion with the trial court pursuant to Civil Rule 60(B) seeking relief from the April 5, 2018 judgment and from the summary judgment that had been entered against him on November 3, 2017 on his own claims against 4030 West Broad. Among other things, his motion urged that the decisions be overturned in light of an extensive listing of alleged "misrepresentations, fraudulent evidence and testimony perpetrated by Defendant upon the Court * * *." Memorandum in

Support of March 28, 2019 Motion at 3. The trial court denied that motion on May 3, 2019, and Mr. Neal's appeal from that denial was dismissed as untimely. *See Neal, Jr.* Journal Entry of Dismissal in case number 19AP-378, *supra*. He did file a motion with the trial court on May 21, 2019 asking that it reconsider its denial, again invoking a litany of claimed "false, misrepresented facts * * *." May 21, 2019 Memorandum at 2-3. The trial court denied that motion on June 7, 2019, and again Mr. Neal did not attempt a timely appeal.

{¶ 3} Rather, Mr. Neal returned to the trial court on August 12, 2019, purporting to act pursuant to Civil Rule 60(B) in filing a motion asking the trial court to set aside its June 7, 2019 refusal to reconsider the denial of the earlier 60(B) motion. Mr. Neal then proceeded to summarize his view of what he had submitted with his May 21, 2019 reconsideration motion. The trial court denied that latest request on September 5, 2019, and it is from that ruling that Mr. Neal appeals. September 25, 2019 Notice of Appeal.

{¶ 4} So this appeal is from a denial of a request purportedly advanced under Civil Rule 60(B) to set aside a denial of a request to reconsider the denial of a motion to set aside judgment, where that (March 28, 2019) previous 60(B) denial had not been timely appealed. Mr. Neal has not devised a way to circumvent the civil and appellate rules, and we will affirm the trial court's judgment.

{¶ 5} " 'A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.' " *Herlihy Moving & Storage, Inc. v. Nickison*, 10th Dist. No. 09AP-831, 2010-Ohio-6525, ¶ 9, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). To succeed on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976).

{¶ 6} While "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata * * * the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 15. Thus, "[r]es judicata bars a second motion for relief from judgment where ' "[n]o new events

occurred and no new facts were discovered." ' " *Hillman v. Edwards*, 10th Dist. No. 14AP-496, 2014-Ohio-5667, ¶ 14, quoting *Chase Manhattan Bank v. Jenkins*, 10th Dist. No. 06AP-1192, 2007-Ohio-3622, ¶ 27, quoting *Koly v. Nassif*, 8th Dist. No. 88399, 2007-Ohio-2505, ¶ 8. Although res judicata does not "bar successive Civ.R. 60(B) motions where the subsequent motion is based on different facts, asserts different grounds for relief, and it is not certain that the movant could have previously raised the issues presented," *id.*, " '[t]he Court will not entertain an endless stream of motions based upon the exact same strain of arguments,' " and after the time for appeal has passed on an initial determination, principles of res judicata will bar the subsequent motions. *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. No. 09AP-976, 2010-Ohio-3746, ¶ 15-16 (citations omitted).

{¶ 7}     Here, suffice it to say that Mr. Neal in his August 12, 2019 motion did not even attempt to explain to the trial court how he could prevail on the May 21, 2019 motion that asked for reconsideration of the denial of his March 28, 2019 60(B) motion, when he had failed timely to appeal the trial court's May 3, 2019 denial of that earlier 60(B) motion and res judicata therefore attached to that decision.  In short, he failed from the outset on the very first prong of the *GTE* analysis.  The point is underscored by the fact that the first 18 of his 20 assignments of error do not even address rulings on his 60(B) motions,[1] while

---

[1] Mr. Neal assigns the following as error:

I. THE TRIAL COURT ERRED BY GRANTING SANCTIONS WITHOUT HOLDING THE HEARING REQUIRED BY R.C. 2323.51(B)(2)(A).

II. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT BY FAILING TO RULE THAT APPELLEE WAS IN DEFAULT PER CIV.R. 55(A).

III. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE FOR SANCTIONS PER R.C. 2323.51(A)(2)(a)(i)(ii) AND (iii).

IV. THE TRIAL COURT ERRED BY FAILING TO ORDER THAT APPELLEE DEFINE THE AMENDED COUNTERCLAIM REQUIRED BY CIV.R. 8(A).

V. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT ADEQUATE TIME FOR DISCOVERY PER CIV.R. 26(A).

VI. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT TIME PER CIV.R. 56(F) FOR DISCOVERY TO OPPOSE THE MOTION FOR SUMMARY JUDGMENT.

VII. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 56(C) AND CIV.R. 5(A) BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT BECAUSE APPELLEE FAILED TO SERVE ANY DISCOVERY REQUESTS BEFORE THE DISCOVERY CUTOFF DATE.

VIII. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUMMARY JUDGMENT AS TO APPELLEE'S COUNTERCLAIM BECAUSE APPELLEE'S AMENDED COUNTERCLAIM WAS BEFORE THE TRIAL COURT.

IX. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 56(C) BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS TO APPELLANT'S COMPLAINT BECAUSE APPELLANT ANSWERED

assignment of error 19 appears to relate to the trial court's May 3, 2019 ruling as to which Mr. Neal's appeal was dismissed as untimely by our July 16, 2019 judgment entry. To the extent that assignment of error 20 relates to the trial court's September 5, 2019 judgment appealed here, we overrule it.

{¶ 8} We overrule all of Mr. Neal's assignments of error and we affirm the judgment of the Franklin County Municipal Court. We therefore overrule as moot the motion by 4030 West Broad, Inc. to dismiss a frivolous appeal.

*Judgment affirmed; motion to dismiss appeal denied as moot.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

---

APPELLEE'S REQUESTS FOR ADMISSIONS IN THE ANSWER TO THE COUNTERCLAIM AND AMENDED COUNTERCLAIM.

X. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 56(E) BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AFFIDAVIT FILED IN SUPPORT CONTAINED DISPUTED FACTS.

XI. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND VIOLATED CIV.R. 56(C) BECAUSE APPELLEE FAILED TO MEET THE BURDEN OF PROOF AS TO THE ABSENCE OF ANY GENUINE ISSUE OF MATERIAL FACT.

XII. THE TRIAL COURT ERRED BY FAILING TO RULE THAT APPELLEE FAILED TO ESTABLISH THE ABSENCE OF ANY GENUINE ISSUE OF MATERIAL FACT REQUIRED BY CIV.R. 56(A).

XIII. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 56(C) BY GRANTING APPELLEE PARTIAL SUMMARY JUDGMENT BECAUSE GENUINE ISSUES EXIST AS TO THE PLANS COMPLETED BY APPELLANT AND PAYMENTS MADE TO APPELLANT PER THE CONTRACT AND REVISION TO THE CONTRACT.

XIV. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 56(C) BY GRANTING APPELLEE SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT BECAUSE APPELLEE BREACHED THE CONTRACT.

XV. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 38(D) BY FAILING TO RULE THAT APPELLEE COULD NOT WAIVE THE JURY TRIAL FOR ALLEGED DAMAGES IN THE INSTANT CASE.

XVI. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 39(A) BY FAILING TO GRANT A CONTINUANCE OF THE JURY TRIAL FOR ALLEGED DAMAGES.

XVII. THE TRIAL COURT ERRED BY GRANTING EXCESSIVE DAMAGES FOR DELAY AFTER AN EX-PARTE TRIAL BECAUSE THERE WAS NO COMPLETION DATE IN THE CONTRACT OR REVISION TO THE CONTRACT IN THE INSTANT CASE.

XVIII. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 59(A) BY FAILING TO GRANT APPELLANT A NEW TRIAL TO DETERMINE ALLEGED DAMAGES.

XIX. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 60(B) BY FAILING TO HOLD AN EVIDENTIARY HEARING, BY FAILING TO SET ASIDE THE JUDGMENT GRANTING SUMMARY JUDGMENT AS TO APPELLANT'S COMPLAINT, BY FAILING TO SET ASIDE THE JUDGMENT GRANTING PARTIAL SUMMARY JUDGMENT AS TO APPELLEE'S COUNTERCLAIM, BY FAILING TO SET ASIDE THE JUDGMENT GRANTING UNFOUNDED EXCESSIVE DAMAGES AND BY FAILING TO SET A NEW JURY TRIAL ON THE MERITS OF THE CASE.

XX. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING APPELLANT'S MOTION TO SET ASIDE THE ORDER FOR SUMMARY JUDGMENT AS TO APPELLANT'S COMPLAINT AND TO SET ASIDE THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT AS TO APPELLEE'S COUNTERCLAIM AND TO SET ASIDE THE ORDER GRANTING EXCESSIVE UNFOUNDED DAMAGES AND BY FAILING TO SET A NEW JURY TRIAL ON THE MERITS OF THE INSTANT CASE.

_____